**UNITED STATES of America, Plaintiff-Appellee**

v.

**Oscar MATA-ALVAREZ, Defendant-Appellant**

**No. 15-41504**
**Conference Calendar**

United States Court of Appeals, Fifth Circuit.

Filed October 19, 2017

Christopher Howard, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Laredo, TX, Carmen Castillo Mitchell, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant-Appellant

Before JONES, CLEMENT, and OWEN, Circuit Judges.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM: \*

We reconsider this case on remand from the Supreme Court in light of *Esquivel-Quintana v. Sessions*, —— U.S. ——, 137 S.Ct. 1562, 198 L.Ed.2d 22 (2017). Defen-

dant Oscar Mata-Alvarez did not object to his enhanced sentence below, so we review only for plain error. *See United States v. Wilkerink*, 841 F.3d 327, 331 (5th Cir. 2016).

Under this court's precedent, indecency with a child involving sexual contact "is a crime of violence because it entails a substantial risk that physical force may be used against the victim." *United States v. Velazquez-Overa*, 100 F.3d 418, 419 (5th Cir. 1996). Given the gravity of Mata-Alvarez's offense—his victim was seven-years old—the sentence of 48 months does not seriously "affect[ ] the fairness, integrity or public reputation of judicial proceedings." *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007) (quoting *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). Accordingly, we hold that the district court did not plainly err.

IT IS ORDERED that the appellant's opposed motion to summarily vacate the district court judgment of sentence is DE-NIED.

IT IS FURTHER ORDERED that the appellant's opposed motion to remand the case to the district court for resentencing in light of *Esquivel-Quintana v. Sessions*, —— U.S. ——, 137 S.Ct. 1562, 198 L.Ed.2d 22 (2017) is DENIED.

IT IS FURTHER ORDERED that the appellant's opposed motion to issue the mandate forthwith is DENIED.